1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RON BELL, et al.,                          CASE NO. CV-F-05-1539 LJO SMS

12                        Plaintiffs,           **ORDER VACATING HEARING AND**
                vs.                             **REQUESTING ADDITIONAL BRIEFING**
13
     FOSTER POULTRY FARMS,
14
                         Defendant.
15   _____/

16

17        The parties filed cross motions for summary judgment/adjudication in this class action, overtime

18   case.  By order on February 13, 2007, this case was reassigned to District Judge Lawrence J. O'Neill and

19   the hearing on these motions was continued to March 5, 2007.

20        The Court requests additional briefing on the motions.  Defendant argues there is no viable claim

21   for overtime because plaintiffs are engaged in interstate commerce and as a matter of law are exempt

22   from Fair Labor Standards Act ("FLSA") overtime requirements.  Plaintiffs argue that the defendant

23   should be estopped from asserting this defense, based on Defendant's representations to the drivers and

24   the Department of Transportation.

25        Plaintiffs' cross motion is on the First Cause of Action for unpaid overtime wages under the Fair

26   Labor Standards Act, 29 U.S.C. Section 207, on the Third Cause of Action for unpaid wages under

27   Labor Code Section 204, 218 and 1194 to the extent that it seeks to recover unpaid overtime wages, and

28   on the Fifth Cause of Action for violation of Business & Professions Code Section 17200 to the extent

1

1    that it seeks restitution of unpaid overtime wages.

2          The Court requests plaintiff brief whether there is a private right of action for a violation of the

3    Motor Carrier exemption. 49 U.S.C. § 507; 49 C.F.R. §386.71 (referring to actions under 49 C.F.R.

4    §31502).  The FLSA provides many exceptions, one of which is the Motor Carrier exemption, 29 U.S.C.

5    §213(b)(1), which provides that the provisions of FLSA (29 U.S.C. §207) shall not apply to:

6                     (1) any employee with respect to whom the Secretary of Transportation
                      has power to establish qualifications and maximum hours of service
7                     pursuant to the provisions of section 31502 of Title 49.

8    Section 31502 of Title 49, authorizes the Secretary of Transportation, in the interest of safety, to

9    establish "qualifications and maximum hours of service for employees" of motor carriers:

10                    The Secretary of Transportation may prescribe requirements for--

11                     (1) qualifications and maximum hours of service of employees of, and
                      safety of operation and equipment of, a motor carrier; and
12
                       (2) qualifications and maximum hours of service of employees of, and
13                    standards of equipment of, a motor private carrier, when needed to
                      promote safety of operation.
14

15   The statute and regulation authorize the Secretary of Transportation and the attorney general to pursue

16   a civil action.

17         In addition, plaintiffs should also address whether this Court may imply a private right of action.

18   A plaintiff invoking an implied right of action must demonstrate that Congress intended to create not

19   only a private right but also a private remedy. *See Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct.

20   1511 (2001).

21         The Court requests defendant brief whether the detrimental reliance sufficient to support

22   equitable estoppel can be found in "acquiescence."  Plaintiffs argue defendant is equitably estopped to

23   raise the Motor Carrier Exemption defense. There is a line of cases where acquiescence is the basis for

24   reliance.  *Mahoning Investment Co. v. United States*, 3 F.Supp. 622, 78 Ct.Cl. 231 (1933), *cert. denied*

25   291 U.S. 675, 54 S.Ct. 526, 78 L.Ed. 1064 (1934); *Bob's Big Boy Family Restaurants v. N.L.R.B.*, 625

26   F.2d 850, 854 (9th Cir. 1980) (Estoppel by acquiescence may arise from in action, when there is a legal

27   duty to act); California courts apply equitable estoppel to prevent injustice where one party has, through

28   action or inaction, caused another to act to his detriment. *American Cas. Co. of Reading, Pennsylvania*

                                                         2

1   *v. Baker*, 22 F.3d 880, 891-892 (9th Cir. 1994), among others cases.

2         Accordingly, the March 5, 2007 hearing on the cross-motions IS VACATED.

3         The parties shall file their additional briefing no later than March 9, 2007.  Each parties' brief

4 shall be limited to no more than ten (10) pages.  The Court will then take the cross-motions under

5 submission and will schedule oral argument should the Court deem argument necessary.  Local Rule 78-

6 230(h).

7 IT IS SO ORDERED.

8 **Dated:**    **February 27, 2007**              **/s/ Lawrence J. O'Neill**
   b9ed48                                   UNITED STATES DISTRICT JUDGE