IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON BELL, et al.,<br><br>        Plaintiffs,<br>  vs.<br>FOSTER POULTRY FARMS,<br>        Defendant.<br>_____/ | CASE NO. CV-F-05-1539 LJO SMS<br><br>**ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT** |

      The parties filed cross motions for summary judgment/adjudication in this class action, overtime case. By order on February 13, 2007, this case was reassigned to District Judge Lawrence J. O'Neill and the hearing on these motions was continued to March 5, 2007. Defendant Foster Farms argues there is no viable claim for overtime because plaintiffs are engaged in interstate commerce and as a matter of law are exempt from Fair Labor Standards Act ("FLSA") overtime requirements. Plaintiffs argue that the defendant should be estopped from asserting this defense, based on Defendant's representations to the drivers and the Department of Transportation.

      Plaintiffs' cross motion is on the First Cause of Action for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. Section 207, on the Third Cause of Action for unpaid wages under Labor Code Section 204, 218 and 1194 to the extent that it seeks to recover unpaid overtime wages, and on the Fifth Cause of Action for violation of Business & Professions Code Section 17200 to the extent that it seeks restitution of unpaid overtime wages.

The Court asked the parties to supplement their briefs, each on a separate issue described below.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a collective action for unpaid overtime wages and a class action for recovery of unpaid wages, additional wages for meal periods which were not provided, waiting time penalties, and restitution. Plaintiffs are and/or have been employed in California as line drivers by Defendant Foster Poultry Farms, Inc. ("Foster Farms"), which distributes its poultry and other meat products throughout California and the United States. Plaintiff are licensed commercial drivers who transport perishable food items on the public highways to national and international retail grocery chains and food distributors.

The parties do not dispute that the goods transported by plaintiffs are intended for out of state commerce. (Doc. 70, Plaintiffs' Separate statement of facts, facts 7-9.) The parties do not dispute that the plaintiffs worked in excess of 40 hours per week and were not paid overtime. Plaintiffs do not dispute that during the relevant time period (December 5, 2001 to November 6, 2005) the Line Drivers hauled goods which were in the stream of interstate commerce and therefore were subject to Department of Transportation's ("DOT") regulation of their maximum hours of service. (Plaintiffs' Opposition, p. 7:13-16.)

During the relevant time period, December 5, 2001 to November 6, 2005, Foster Farms told the drivers that they were "intrastate" drivers, not interstate drivers, and as a result were required to drive under California law. (Doc. 70, Plaintiffs' Separate statement of facts, facts 12.) Foster Farms represented to the United states Department of Transportation and the US Department of Labor that the drivers were intrastate drivers. (Doc. 70, Plaintiffs' Separate statement of facts, facts 13.) DOT's audit of Foster Farms' operations resulted in a "satisfactory" rating. (Doc. 70, Plaintiffs' Separate statement of facts, facts 14.) The benefit to Foster Farms from treating the drivers as intrastate drivers, instead of interstate drivers, is that the drivers were able to drive longer hours and therefore longer distances. (Doc. 70, Plaintiffs' Separate statement of facts, facts 15.)

Plaintiffs filed their amended complaint on May 11, 2006. Plaintiffs' first claim for relief is

under the Fair Labor Standards Act ("FLSA"). The motions seek adjudication as to this claim only.[1]

## ANALYSIS & DISCUSSION

**FLSA and the Motor Carrier Exemption**

The FLSA provides that employees in interstate commerce shall be paid at one and one-half times their regular hourly rate for hours over forty in any work week. 29 U.S.C. § 207(a)(1). Plaintiffs allege that intra-state truck drivers are entitled to overtime compensation pursuant to 29 U.S.C. §207(a), which provides:

> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

The FLSA provides many exceptions, one of which is the Motor Carrier exemption, 29 U.S.C. §213(b)(1), which provides that the provisions of 29 U.S.C. §207 shall not apply to:

> (1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49.

Section 31502 of Title 49, in turn, authorizes the Secretary of Transportation, in the interest of safety, to establish "qualifications and maximum hours of service for employees" of motor carriers:

> The Secretary of Transportation may prescribe requirements for--
>
> (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and
>
> (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation.

The FLSA provides for overtime pay for employees generally. Section 213(b)(1) provides, however, that employees whose qualifications and maximum hours of driving are subject to regulation by the

---

[1] Plaintiffs did not argue the state law causes of action. The motions focus on the Fair Labor Standards Act claim.

Secretary of Transportation under the Motor Carrier Safety Act are exempt from the overtime provisions of §207(a). The Secretary of Transportation has power to regulate transportation

> 1) between a place in--
> 
>   (A) a State and a place in another State;
>   (B) a State and another place in the same State through another State;

Thus, interstate commerce falls within the jurisdiction of the Secretary of Transportation and is exempt from coverage under FLSA. Moreover, the Secretary of Transportation has jurisdiction to regulate intrastate commerce that "is a practical continuity of movement from the manufacturers or suppliers without the state, through a warehouse and on to customers." *Klitzke v. Steiner,* 110 F.3d 1465, 1469 (9th Cir. 1997). Whether such intrastate commerce is exempt is determined on an ad hoc basis:

> "Whether transportation is interstate or intrastate is determined by the essential character of the commerce, manifested by shipper's fixed and persisting transportation intent at the time of the shipment, and is ascertained from all of the facts and circumstances surrounding the transportation." *Id.* at 1469.

This is defendant's emphasis: the practical continuity of movement of the product renders the transportation interstate and not intrastate. Plaintiffs, however, do not dispute the interstate character of their work.

An employee seeking to recover unpaid minimum wages or overtime under the FLSA "has the burden of proving that he performed work for which he was not properly compensated." *Brock v. Seto*, 790 F.2d 1446 (9th Cir. 1986); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946). "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687. The employer bears the burden of proof that an exemption applies. "Employers who claim an exemption applies to their employees must show that the employees fit plainly and unmistakably within its terms." *Worthington v. Icicle Seafoods, Inc.*, 774 F.2d 349, 352 (9th Cir.1984), *cert. denied*, 474 U.S. 900 (1985).

Here, it is undisputed that the drivers were interstate drivers subject to Secretary of Transportation regulation. In plaintiffs' opposition, they state:

> "For purposes of this Motion, Plaintiffs do not dispute that during the relevant time period (December 5, 2001 to November 6, 2005) the Line Drivers hauled goods which were in the stream of interstate commerce and therefore were subject to DOT's regulation of their maximum hours of service." (Plaintiffs' opposition, p.7:13-16.)

Plaintiffs do not dispute any of the foundational facts that the drivers were interstate drivers. Thus, the Motor Carrier Exemption to the FLSA applies in this case.

**Equitable Estoppel**

Plaintiffs argue that while the Motor Carrier Exemption applies to them, "the question to be decided here is whether Foster Farms should be estopped to assert a defense to FLSA coverage that is directly contradictory to the representations that it made to the Line Drivers and to the DOT over the course of many years, and on which the Line Drivers relied to their detriment." (Plaintiffs' opposition, p.7:17-20.) Plaintiffs argue that defendant should be equitably estopped from asserting the Motor Carrier Exemption defense.

Equitable estoppel is a doctrine adjusting the relative rights of parties based upon consideration of justice and good conscience. *U.S. v. Georgia-Pacific Co.*, 421 F.2d 92, 95 (9th Cir. 1970). 'Four elements must be present to establish the defense of estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Id.*; *Rogers v. City of San Antonio*, 392 F.3d 758, 773 (5th Cir. 2004) ("the City must show that it relied on a representation by plaintiffs, changed its position based on that reliance, and that it was prejudiced because of that change in position."), *cert. denied*, 545 U.S. 1129 (2005).[2]

Plaintiffs argue that the facts here also meet each of the four traditional equitable estoppel elements:

> (1) Foster Farms represented to the Line Drivers and to the DOT that they

---

[2] Under federal law, "[a] finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir.2000).

5

were "intrastate drivers" because they did not cross State lines, and therefore that they could be required to drive and work in excess of DOT's maximum hours of service rules;

(2) Foster Farms intended that the Line Drivers would rely on its representations, as is shown by the fact that it assigned them to drive routes which required them to drive and work in excess of DOT's maximum hours of service;

(3) the Line Drivers did not know that Foster Farms statements that they were "intrastate" drivers was incorrect, i.e., that they were actually "interstate drivers" who could not be required to drive and work in excess of the DOT's maximum hours of service rules; and

(4) the Line Drivers relied on Foster Farms' representations that they were "intrastate"drivers to their detriment, as is evidenced by the fact that the Line Drivers actually drove and worked in excess of the DOT's maximum hours of service, which subjected them to the potential of serious injury from an accident due to fatigue, kept them from their families and other personal pursuits, and subjected them to the possibility of being cited for violating the DOT maximum hours of service rules. (Plaintiffs' opposition, p.11:1-19.)

The evidence plaintiffs submit in support of estoppel is contained in the declaration of Albert Cervantes. (Doc. 69.) Mr. Cervantes has been a Line driver for Foster Farms since 1990. His declarations provides the testimony which supports the four elements of equitable estoppel.

Here, there is no evidence of at least one of the factors of equitable estoppel. While it is undisputed that Foster Farms represented the Line Drivers were intrastate drivers, there is no evidence that Foster Farms knew that its representations were inaccurate or knew or reasonably knew that the Line Drivers were actually interstate drivers subject to DOT regulation. Indeed, the evidence demonstrates that "Foster Farms is subject to audits by the DOT, and received a satisfactory rating on an audit by the DOT as recently as August 2004." (Doc. 43, Hackworth decl. ¶4.) The evidence demonstrates that Foster Farms consistently, albeit incorrectly, represented the line drivers were intrastate drivers:

"From the beginning of my employment [1990] until approximately November 6, 2005, Forster Farms frequently told me and other Line Drivers that we were California 'intrastate' drivers only, as opposed to 'interstate' drivers, because we never hauled goods across state lines, and that as a result we were required to drive pursuant to the 'intrastate' hours of service rules under California law." (Doc. 69, Cervantes Decl.¶4.)

Equitable estoppel has more to do with some element of the claim being hidden from the plaintiff due to a defendant's improper motivation or deceptive conduct rather than, as here, a plaintiff's claim as to

6

the law. *Hinton v. Pacific Enterprises*, 5 F.3d 391, 397 (9th Cir. 1993) (describing a case where plaintiff alleged that she was coerced into resigning and her employer acted to prevent her from claiming an ERISA benefit), *cert. denied*, 511 U.S. 1083 (1994). Equitable estoppel is not warranted where there is no "evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct." *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1067 (9th Cir. 2006) (no estoppel to raise statute of limitations defense).

There is no evidence that Foster Farms "hid" or concealed the truth from the Line Drivers and in fact the evidence demonstrates that Foster Farms affirmatively believed, via representations to the drivers and the DOT, that the drivers were intrastate drivers. Thus, this element of equitable estoppel is missing.

The other element for which evidence is lacking is plaintiffs' change of position in reliance upon the representation. Whether the "reliance" was sufficient is a "legal" issue; the facts are not disputed as to what the "reliance" was. The Court need not reach this issue because the above element of equitable estoppel is missing, but nonetheless, addresses it.

In general, the party claiming the estoppel must have relied on its adversary's conduct "in such a manner as to change his position for the worse . . ." *River City Ranches Ltd. v. C.I.R.*, 401 F.3d 1136, 1139 (9th Cir. 2005).

Here, the statement made to the Line Drivers is that "Foster Farms told the Line Drivers that they California 'interstate' drivers only, as opposed to 'interstate' drivers because they never hauled goods across State lines. . ." (Doc. 70, Plaintiffs' Separate statement of facts, fact 12.) In <u>reliance</u> upon this statement, they continued to do their job and drive as they had, because "they had no choice." (Doc. 70, Plaintiffs' Separate statement of facts, fact 22.) The "detriment" is that they continued their conduct by driving longer hours, they had increased risk of accident due to fatigue, less time off between shifts, less time with family. (*Id.*, Fact 23.)

The Court asked defendant to provide supplemental briefing on whether "acquiescence" may form the basis of detrimental reliance. Defendant briefed the issue and argued estoppel by acquiescence is different than equitable estoppel, but that both still require "detrimental reliance." Basically, estoppel by acquiescence occurs where the course of conduct has already begun and the

party to be estopped, here Foster Farms, notices the conduct and acquiesces in its continuance. For example, in *Mahoning Investment Co. v. United States*, 3 F.Supp. 622, 78 Ct.Cl. 231 (1933), cert. denied 291 U.S. 675, 54 S.Ct. 526, 78 L.Ed. 1064 (1934), concluded that a change of position was unnecessary where acquiescence is the ground for estoppel for in such a situation the party 'relies' by continuing his established practice. In *Mahoning*, a parent company and its subsidiary were held estopped to question the legality of the collection of a tax where both had agreed to the assessment (a mistaken one), had acquiesced in the notice and demand for payment and had paid the tax, the time during which the Government might make a further assessment having expired. Estoppel by acquiescence may arise from in action, when there is a legal duty to act. *Bob's Big Boy Family Restaurants v. N.L.R.B.*, 625 F.2d 850, 854 (9th Cir. 1980) (Estoppel by acquiescence may arise from in action, when there is a legal duty to act).

Estoppel by acquiescence does not apply here. First, plaintiff did not argue estoppel by acquiescence, but rather equitable estoppel. Second, there is no evidence that Foster Farms knew the drivers were actually interstate drives and no evidence that Foster Farms reasonably should have known that the Line Drivers were interstate drivers.

**Private Right of Action**

Defendant argues that plaintiffs do not have a private right of action. The Motor Carrier Exemption provides only for penalties paid to the government and not to overtime wages to the aggrieved employees. 49 U.S.C. §507, 49 C.F.R. §386.71.

The Court asked plaintiffs to provide supplemental briefing on the issue of a private right of action. Plaintiff acknowledges that no private right of action exists to sue for DOT's maximum hours of service ruled. Plaintiffs argue that the only reason they argued that Foster Farms required plaintiffs to work in excess of the DOT's maximum hours of service rules was to satisfy the detrimental reliance element of the equitable estoppel doctrine.

If the Line Drivers admit they are interstate drivers, at least for purposes of this motion, then they are statutorily covered by DOT work-rule hours and not statutorily entitled to overtime (i.e., the Motor Carrier Exemption applies, and not the FLSA).

Plaintiffs argue that the Motor Carrier Exemption can be waived, citing *Brennen v. Valley*

*Towing Co*, 515 F.2d 100, 104 (9th Cir. 1975) and *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 1981). These cases are distinguishable because the defendant of the Motor Carrier Exemption was not raised in the pleading or trial. Plaintiffs argue that estopping defendant from asserting the defense is analogous to "waiver" of the defense for failure to plead. Here, this Court is confronted with undisputed evidence that the Line Drivers were interstate workers. As such, the Line Drivers are statutorily not entitled to overtime.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiffs' theory of estoppel does not stand, because all the elements of estoppel are not present.
2. Defendant's motion for summary judgment on plaintiffs' claim for overtime under the FLSA is GRANTED based upon the motor carrier exemption.
3. Plaintiffs' motion for summary judgment/adjudication on wages under the Fair Labor Standards Act, 29 U.S.C. Section 207, on the Third Cause of Action for unpaid wages under Labor Code Section 204, 218 and 1194, and on the Fifth Cause of Action for violation of Business & Professions Code Section 17200 is DENIED.

IT IS SO ORDERED.

**Dated:    March 22, 2007**               /s/ Lawrence J. O'Neill
b9ed48                                                      UNITED STATES DISTRICT JUDGE