FILED

NOV 2 1 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

RON BELL, et al.,

              Plaintiffs,

    vs.

FOSTER POULTRY FARMS,

              Defendant.

_____/

CASE NO. CV-F-05-1539 LJO SMS

**ORDER ON PRELIMINARY APPROVAL OF JOINT STIPULATION REGARDING OF SETTLEMENT AND RELEASE; EXHIBITS**

Pursuant to plaintiffs' Notice of Motion filed on November 13, 2007, the parties in this Class Action have reached a proposed settlement and seek preliminary approval of the Joint Stipulation of Settlement and Release, the Notice of Proposed Class Action Settlement, and the Claim Form.

The motion came on for hearing on November 20, 2007 at 8:30 a.m. in Courtroom 4 of this Court. Plaintiffs, individually and on behalf of all others similarly situated (collectively "plaintiffs"), appeared by Counsel Jeffrey McClure, Davenport Gerstner & McClure. Defendant Foster Poultry Farms appeared by Counsel Patricia K Gillette and Brooke Andrich, Orrick Herrington & Sutcliffe. Having considered the plaintiffs' Motion and supporting papers, the Joint Stipulation of Settlement and Release and the Exhibits attached thereto, the Court issues the following order:

1.    This Order incorporates by reference the definitions in the Joint Stipulation of Settlement and Release ("Stipulation") and all terms defined therein shall have the same meaning in this order as set forth therein. The Joint Stipulation of Settlement and Release is attached hereto as Exhibit 1.

1

2.     The Court hereby preliminarily approves the attached Stipulation.   The Court preliminarily finds that the Class members are similarly situated and meet the requirements for class certification under Fed.R.Civ.P. 23 and/or as a collective action under 29 U.S.C. §216.  The Court further preliminarily finds that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Stipulation is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that counsel for the parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all parties, as well as the delay and risks that would be presented by further prosecution of the action. Additionally, it appears that the proposed Stipulation was reached as a result of intensive, non-collusive, arms-length negotiations.

3.     A hearing ("Fairness Hearing") shall be held before this Court on February 22, 2008 at 8:15 a.m. in Courtroom 4 in the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, to determine all necessary matters concerning the settlement, including: Whether the proposed settlement of the action on the terms and conditions provided is fair, adequate, and reasonable and should be finally approved by the Court; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the settlement should be approved as fair, adequate, and reasonable to the Class Members; whether the Court should finally approve the enhancement payments for Albert Cervantes, Ron Bell and Kevin Rocha; and the amount of attorney fees and costs to be awarded to Class Counsel, Stephen Thomas Davenport, Jr. of Davenport Gerstner & McClure.

4.     The Court hereby approves, as to form and content, the proposed "Notice of Proposed Class Action Settlement" ("Notice;" attached hereto as Exhibit "A") and the "Claim Form" (attached hereto as Exhibit "B"). The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Stipulation meets the requirements of due process and Fed.R.Civ.P. 23(e) and 29 U.S.C. §216(b); and that such Notice is the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

/////

2

1    5.    Any class member who wishes to receive a portion of the settlement fund must complete

2 and submit a properly completed Claim Form, pursuant to the instructions for making a claim that are

3 set forth in the Notice, so that it is postmarked no more than sixty (60) days after the date the notices are

4 mailed. Any class member who does not submit a Claim Form will not be entitled to any recovery,

5 unless the parties agree to allow the late claim.

6    6.    Any class member may choose to "opt-out" off and be excluded from the settlement as

7 provided in the Notice by following the instructions for requesting exclusion from the Stipulation that

8 are set forth in the Notice. All requests for exclusion must be submitted so that they are postmarked no

9 more than thirty (60) days after the date the Notices are mailed. Any such person who chooses to "opt

10 out" of and be excluded from the class will not be entitled to receive any proceeds from this settlement

11 and will not be bound by this settlement or have any right to object, appeal or comment thereon.

12    7.    Any class member who has not validly requested exclusion from the class and the

13 Stipulation may appear at the Fairness Hearing and may object or express his/her views regarding the

14 settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to

15 the issues to be heard and determined by the Court, as provided in the Notice. However, no class

16 member or any other person shall be heard to or be entitled to object, and no papers or briefs submitted

17 by any such person shall be received or considered by the Court, unless the person on or before that day

18 which is 30 days after the Notice is mailed has filed with the Clerk of this Court, and mailed by first

19 class postage to Class Counsel (Stephen Thomas Davenport, Jr. of Davenport Gerstner & McClure, 1990

20 N. California Boulevard, Suite 650, Walnut Creek, CA 94596) and Defendant's Counsel (Patricia K

21 Gillette, Orrick Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco,

22 CA 94105): (1) a written statement advising if the individual plans to address the Court at the hearing;

23 (2) a written statement of the individual's objections; and (3) any other papers which the individual

24 proposes to submit to the Court, including any legal briefs or memoranda. Any such person who does

25 not make an objection in the manner provided for in this Order shall be deemed to have waived such

26 objection and shall forever be foreclosed from making any objection to the settlement.

27    8.    In the event the stipulation does not become effective in accordance with the terms of the

28 Stipulation, or the Stipulation is not finally approved, or is terminated, canceled or fails to become

3

1  effective for an reason, this Order shall be rendered null and void and shall be vacated, and the Parties

2  shall revert to their respective positions as of before entering into the Stipulation.

3      9.      For purposes of effectuating this settlement, the Court preliminarily certifies a class

4  defined as "all persons who work or worked for Foster Farms in the state of California during December

5  2, 2001 through approval of the preliminary settlement as long-line drivers within Forster Farms in

6  California."

7      10.     For purposes of effectuating this settlement, Court hereby appoints Stephen Thomas

8  Davenport, Jr. of Davenport Gerstner & McClure as Class Counsel and Albert Cervantes, Ron Bell and

9  Kevin Rocha as Class Representatives.

10          IT IS SO ORDERED.

11

12  DATED: November 21, 2007

13                                              LAWRENCE J. O'NEILL
                                                UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT 1

1  PATRICIA K. GILLETTE (BAR NO. 74461)
   ANDREW R. LIVINGSTON (BAR NO. 148646)
2  BROOKE D. ANDRICH (BAR NO. 238836)
   ORRICK HERRINGTON & SUTCLIFFE LLP
3  405 Howard Street
   San Francisco, CA  94105
4  Telephone: (415) 773-5700
   Facsimile: (415) 773-5759
5
   Attorneys for Defendant FOSTER POULTRY FARMS
6
7  STEPHEN THOMAS DAVENPORT, JR. #88208
   JEFFREY G. McCLURE #105681
8  NEIL M. GERSTNER #152974
   DAVENPORT GERSTNER & McCLURE
9  1990 N. California Blvd., Suite 650
   Walnut Creek, CA  94696
10 Telephone: (925) 279-3430
   Facsimile: (925) 932-1961
11
   Attorneys for Plaintiffs RON BELL et al.
12

13                   UNITED STATES DISTRICT COURT

14               EASTERN DISTRICT OF CALIFORNIA

15                       (FRESNO DIVISION)

16  RON BELL, et al., individually and          ) No.: 1: 05CV01539 LJO (SMS)
    on behalf of all others similarly           )
17  situated,                                    ) **CLASS ACTION**
                                                 )
18                             Plaintiffs,       ) **JOINT STIPULATION OF SETTLEMENT**
             v.                                  ) **AND RELEASE BETWEEN PLAINTIFFS ON**
19                                               ) **BEHALF OF A PUTATIVE CLASS AND**
    FOSTER POULTRY FARMS, a                      ) **DEFENDANT FOSTER POULTRY FARMS**
20  California corporation,                      )
                                                 ) Complaint Filed:    December 2, 2005
21                             Defendant.        ) Trial Date:         None Set
                                                 )
22                                               )
                                                 )
23                                               )
                                                 )
24                                               )

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE                    Case No. 1-05-CV-01539 LJO (SMS)

1   This Joint Stipulation of Settlement and Release is made and entered into by and
2   between the following parties, through their respective attorneys of record in this Action:
3   Plaintiffs Ron Bell, Thomas E. Carver, Robert Codd, Jose P. Garcia, Kenny Joe, Vic
4   Jorgensen, Steven N. LePre, Luis Lau Renteria, Felipe S. Reyes, Chas. Michael Segovia,
5   Stanley Lyle Showen, Jorge P. Aguilar, Phillip W. Arnold, Freddie Artiaga, Jose M. Avila,
6   Joseph John Becerra, Joe M. Bugarin, Albert Cervantes, Kirk Cordero, John W. Emery,
7   Jackson E. Fong, Jr., Dan Gonzales, Daryl Goza, Dave Goza, Joe D. Harper, Florentino
8   Jimenez, David Linan, Orlando Marques, John M. Mason, Darrell Moss, Michael J.
9   Munson, Adan Padilla, Jr., Lance Patterson, Robert Daniel Patterson, Theodore Santos
10  Perez, Armando Pimentel, Mario H. Rivas, Vincent Robles, Kevin D. Rocha, Dannion
11  Salveson, Tony A. Silveira, Joao A. De Sousa, Leonard L. Stout, Roy Thomas Towe, Jr.,
12  and Gene Wiseman, individually and on behalf of all others similarly situated, and
13  Defendant Foster Poultry Farms.

## I.
## DEFINITIONS

16  1.   "Action" means the civil action filed on December 2, 2005 in the United States
17  District Court for the Eastern District of California, Fresno Division, entitled *Ron Bell, et al.*
18  *v. Foster Poultry Farms*, Case No. 1:05CV01539 LJO (SMS).

19  2.   "Approximate Compensable Work Days" is the number of Compensable Work
20  Days estimated after Foster Farms completes its review of its records. The Parties believe
21  the number is approximately 106,417.

22  3.   "Claim Form" shall mean Exhibit "B" (or such other form approved by the
23  Court), which each Class Member must submit to recover a portion of the settlement
24  proceeds.

25  4.   "Claims Administrator" shall mean Gilardi & Co. LLC, or an administrator
26  mutually agreed to by the Parties or appointed by the Court.

---

5. "Class" or "Class Members" shall mean the named Plaintiffs and all persons who work or worked for Foster Farms in the State of California in the Covered Positions during the Covered Period.

6. "Class Counsel" shall mean Stephen Thomas Davenport, Jr. of Davenport Gerstner & McClure.

7. "Class Member Distribution Amount" shall be calculated to be the amount paid to each particular Class Member who makes a timely and valid claim, and shall equal Maximum Gross Distribution divided by the Compensable Work Days, multiplied by each Class Member's Final Individual Compensable Work Days.

8. "Class Representatives" shall mean Plaintiffs Ron Bell, Thomas E. Carver, Robert Codd, Jose P. Garcia, Kenny Joe, Vic Jorgensen, Steven N. LePre, Luis Lau Renteria, Felipe S. Reyes, Chas. Michael Segovia, Stanley Lyle Showen, Jorge P. Aguilar, Phillip W. Arnold, Freddie Artiaga, Jose M. Avila, Joseph John Becerra, Joe M. Bugarin, Albert Cervantes, Kirk Cordero, John W. Emery, Jackson E. Fong, Jr., Dan Gonzales, Daryl Goza, Dave Goza, Joe D. Harper, Florentino Jimenez, David Linan, Orlando Marques, John M. Mason, Darrell Moss, Michael J. Munson, Adan Padilla, Jr., Lance Patterson, Robert Daniel Patterson, Theodore Santos Perez, Armando Pimentel, Mario H. Rivas, Vincent Robles, Kevin D. Rocha, Dannion Salveson, Tony A. Silveira, Joao A. De Sousa, Leonard L. Stout, Roy Thomas Towe, Jr., and Gene Wiseman.

9. "Compensable Work Days" shall mean all days actually worked (excluding leaves of absence) by Class Members in a Covered Position during the Covered Period.

10. "Court" refers to the United States District Court for the Eastern District of California, Fresno Division.

11. "Covered Period" shall mean the period December 2, 2001 through the date of preliminary approval of this Settlement, which is anticipated to be November 20, 2007.

12. "Covered Positions" are long-line driver positions within Foster Farms in California.

2

1    13. "Estimated Class Member Distribution" shall be calculated, before Notice is
2  mailed, by dividing the Estimated Maximum Gross Distribution by the Approximate
3  Compensable Work Days, and then, for each Class Member, multiplying that by the Class
4  Member's Compensable Work Days.

5    14. "Estimated Maximum Gross Distribution Amount" is $1,220,500.00, calculated
6  by taking the Maximum Payment ($1,500,000.00) and deducting the estimated attorneys'
7  fees ($270,500.00), which shall include estimated payments to Class Representatives Ron
8  Bell ($3,000.00), Albert Cervantes ($7,500.00) and Kevin Rocha ($3,000.00) for services
9  rendered in connection with the lawsuit; estimated costs ($6,000.00); and estimated costs of
10  administration ($3,000.00).

11    15. "Final Judgment" shall mean the Order Granting Final Approval of Class Action
12  Settlement and Judgment entered by the Court. Final Judgment includes any Order
13  awarding attorneys' fees and costs.

14    16. "Foster Farms" shall mean Defendant Foster Poultry Farms.

15    17. "Individual Compensable Work Days" is the number of days actually worked by
16  each Class Member in a Covered Position during the Covered Period. Foster Farms shall
17  supply the Individual Compensable Work Days for each Class Member based on its records.
18  As part of the claims process, Class Members may dispute the Individual Compensable
19  Work Days, and after any such disputes are resolved, a "Final Individual Compensable
20  Work Days" will be established.

21    18. "Maximum Gross Distribution" shall be calculated, after the final approval of
22  the settlement, by taking the Maximum Payment and subtracting therefrom the attorneys'
23  fees and costs actually awarded by the Court (which shall include the actual payments to
24  Class Representatives Ron Bell, Albert Cervantes and Kevin Rocha for services rendered in
25  connection with the lawsuit) and the claims administration costs and fees actually charged
26  by the Claims Administrator for completing the distribution to Class Members.

27    19. "Maximum Payment" shall mean $1,500,000.00 to be paid by Foster Farms
28  pursuant to this Settlement.

3

20.  "Notice" shall mean the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval attached as Exhibit "A" (or in such other form approved by the Court).

21.  "Parties" shall mean the Class Representatives, Class Members and Foster Farms.

22.  "Second Amended Complaint" shall mean the operative complaint in this Action, which shall be filed pursuant to the Plaintiffs' request for leave to file an amended complaint. The Second Amended Complaint adds a rest break claim and is attached as Exhibit "D."

23.  "Settlement" shall mean this Joint Stipulation of Settlement and Release.

24.  "Settlement Effective Date" shall mean the first day following the later of the following occurrences:

(a)  The date the time to appeal or seek permission to appeal or seek judicial review of the entry of a Final Judgment approving the Settlement (including any orders regarding attorneys' fees or costs) has expired with no appeal or other judicial review having been taken or sought; or

(b)  If an appeal or other judicial review has been taken or sought, the date the Final Judgment (including any orders regarding attorneys' fees or costs) is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom, or the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review.

## II.
## RECITALS

25.  On December 2, 2005, Plaintiff Ron Bell filed the Action on behalf of himself and a purported class of similarly situated Foster Farms employees alleging that Foster Farms failed to provide overtime compensation and meal periods to long-line drivers in accordance with the California Labor Code. In addition, Plaintiff Bell alleged claims for violation of Business and Professions Code section 17200, waiting time penalties under

4

1  California law, and failure to pay all wages due. The complaint was amended on May 11,
2  2006 to add the remaining named Plaintiffs. As part of the settlement process, the
3  complaint will be further amended to bring a claim for missed rest breaks.

4      26.  Plaintiffs believe this Action is meritorious based on alleged violations of
5  California's wage and hour laws, and that this Action is appropriate for class action
6  treatment. Foster Farms denies any liability or wrongdoing of any kind associated with the
7  claims alleged, and specifically does not concede that any wages or other payments are due
8  to Class Members. Foster Farms further contends that, for any purpose other than
9  settlement, this Action is not appropriate for class or collective action treatment. Foster
10  Farms further contends that it has complied with the California Labor Code, the Fair Labor
11  Standards Act, the California Business and Professions Code, and the applicable Industrial
12  Welfare Commission Wage Orders.

13      27.  The Parties have conducted extensive proceedings in the Action, including
14  discovery through interrogatories, requests for admission, and document requests and
15  briefing, argument, and determination of the Parties' cross-motions for summary judgment.
16  On August 24, 2007, through a full-day mediation with Mark Rudy, Esq., the Parties
17  reached an agreement to settle this Action on the terms set forth below. During the
18  mediation, the Parties negotiated the claims alleged in Plaintiffs' First Amended Complaint,
19  as well as rest break claims, which Plaintiffs will allege in the Second Amended Complaint.

20      28.  Class Counsel represents that it has conducted a thorough investigation into the
21  facts of this case, and has diligently pursued an investigation of the Class Members' claims
22  against Foster Farms, including (i) interviewing Class Members and analyzing the results of
23  Class Member interviews; (ii) reviewing relevant documents; (iii) researching the applicable
24  law and the potential defenses; and (iv) conducting discovery of Foster Farms through
25  interrogatories, requests for admission, and document requests. Based on its own
26  independent investigation and evaluation, Class Counsel is of the opinion that the
27  Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members
28

5

1  in light of all known facts and circumstances, including the risk of significant delay, and
2  defenses asserted by Foster Farms.

3      29.  The entry of Final Judgment in this Action shall dismiss with prejudice all
4  claims that were and could have been alleged in Plaintiffs' Second Amended Complaint.
5  The Parties agree to cooperate and take all steps necessary and appropriate to obtain
6  preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss this
7  Action with prejudice.

8  
9  
### III.
### TERMS OF SETTLEMENT

10      30.  <u>Second Amended Complaint</u>: Plaintiffs will seek leave of court to file and shall
11  file a Second Amended Complaint to allege rest break claims.

12      31.  <u>Maximum Payment</u>: The Maximum Payment under the Settlement is
13  $1,500,000.00, which includes payments to Class Members; employee tax withholdings,
14  excluding the employer portion of those withholdings (which Foster Farms shall also pay in
15  addition to the Maximum Payment); attorneys' fees, costs and expenses of Class Counsel
16  incurred to date, as well as all such fees and costs incurred in documenting the Settlement,
17  securing trial and appellate court approval of the Settlement, administering the Settlement,
18  and obtaining a dismissal of the Action; any attorneys' fees or costs that might be paid to
19  counsel for any objector; and all costs of administration.

20      32.  <u>Attorneys' Fees</u>: From the Maximum Payment, Foster Farms agrees, subject to
21  the approval of the Court, to pay to Class Counsel up to $270,500.00, or 18.033 percent
22  (18.033%) of the Maximum Payment, in attorneys' fees to compensate Class Counsel for all
23  of the work already performed in this case and all work remaining to be performed in
24  documenting the Settlement, securing Court approval of the Settlement, administering the
25  Settlement, pursuing or defending any appeals, ensuring that the Settlement is fairly
26  administered and implemented, and obtaining dismissal of the Action. Class Counsel agrees
27  not to request more than $270,500.00 in attorneys' fees, and Foster Farms agrees not to
28  object to the Court awarding Class Counsel fees up to $270,500.00.

6

1    33.  Costs: From the Maximum Payment, and subject to Court approval, Foster
2  Farms further agrees to pay Class Counsel $6,000.00 for costs and expenses incurred by
3  Class Counsel in prosecuting the Action and in implementing the terms of this Settlement.
4  Class Counsel agrees not to request more than $6,000.00 in costs and expenses, and Foster
5  Farms agrees not to object to the Court awarding Class Counsel costs and expenses of up to
6  $6,000.00.

7    34.  Claims Administrator Costs and Fees: From the Maximum Payment, and
8  subject to Court approval, Foster Farms further agrees to pay to the Claims Administrator
9  the costs and fees charged by the Claims Administrator for administering claims.

10    35.  Compensation for Services Rendered by Certain Class Representatives: Subject
11  to the approval of the Court, which Foster Farms will not oppose, Class Counsel will pay
12  Class Representative Albert Cervantes seven thousand five hundred dollars ($7,500.00),
13  Class Representative Ron Bell three thousand dollars ($3,000.00), and Class Representative
14  Kevin Rocha three thousand dollars ($3,000.00), as compensation for their services as Class
15  Representatives, their substantial assistance to Class Counsel in prosecuting this action on
16  behalf of the other Class Representatives and absent class members, Mr. Cervantes'
17  provision of a declaration in support of Plaintiffs' Cross-Motion for Summary Judgment,
18  and Mr. Cervantes' and Mr. Rocha's participation in the mediation and settlement of this
19  Action on behalf of the other Class Representatives and absent class members. This
20  Compensation is in addition to their rights to participate in the claims process.

21    36.  Notice, Opt Out, Claim and Distribution Process: The Parties have separately
22  negotiated and agreed upon a notice, opt out, claim and distribution process as follows
23  (subject to Court approval):

24         (a)    The Notice package will include:  (i) a Notice in the form attached as
25  Exhibit "A" herein, which includes a description of the steps necessary to opt out, but will
26  not include a separate opt out form; and (ii) a Class Member-specific Claim Form (as
27  described more fully herein and attached as Exhibit "B"), which includes Individual
28  Compensable Work Days and an individualized Estimated Class Member Distribution.

7

1  Each Class Member's Individual Compensable Work Days and Estimated Class Member
2  Distribution will be determined based on Foster Farms' records. The Claim Form will
3  enable Class Members to dispute the Compensable Work Days and will provide information
4  concerning how to do so.

5      (b)    The Claims Administrator will compile information on opt outs and
6  claims, and will report, among other things, any disputes as to individuals' Compensable
7  Work Days. This report will be provided to Class Counsel and Foster Farms' counsel within
8  14 calendar days of the cut off date for claims. Any disputes as to individual Claim Member
9  Compensable Work Days shall be resolved in the sole discretion of the Claims
10  Administrator within fourteen (14) calendar days of the cut off date for claims.

11      (c)    Once any disputes are resolved, the Final Compensable Work Days will
12  be calculated, and will include the Final Individual Compensable Work Days of all Class
13  Members (including any opt outs). This Final Compensable Work Days number will be used
14  for the purpose of calculating the Class Member Distribution Amount.

15      (d)    Within 14 calendar days after the Court issues the Final Judgment, the
16  Claims Administrator will calculate the Maximum Gross Distribution, taking into account
17  the attorneys' fees and costs actually awarded by the Court, and the actual costs by the
18  Claims Administrator for completing the distribution to Class Members.

19      (e)    Also within 14 calendar days after the Court issues the Final Judgment,
20  the Claims Administrator will provide Foster Farms with a list that includes: (i) the name
21  and address of each Class Member who is entitled to a Class Member Distribution; (ii) the
22  amount of each Class Member Distribution; and (iii) the Final Compensable Work Days
23  used in the calculation of the Class Member Distribution.

24      37.  Distribution to Class Members:

25      (a)    Foster Farms agrees to pay the Class Member Distribution Amount
26  only to those Class Members who submit timely and valid Claim Forms. To be timely,
27  Claim Forms must be postmarked by the date indicated on the Claim Form. To be valid,
28  Claim Forms must be completed in full and signed.

8

1    (b)    Foster Farms agrees to pay each Class Member who submits a timely
2  and valid claim that Class Member's Class Member Distribution Amount.

3    (c)    Tax Allocation:  The Parties agree that seventy percent (70%) of each
4  Class Member's Class Member Distribution Amount is attributable to wages, which is
5  subject to the withholding of all applicable local, state and federal taxes, and thirty percent
6  (30%) of each Class Member's Class Member Distribution Amount is attributable to interest
7  with respect to said wages.  Foster Farms will determine, in its sole discretion, the
8  appropriate withholdings and deductions for each Class Member.  Foster Farms will pay the
9  employer's share of payroll taxes (which is in addition to the Maximum Payment) and will
10  deduct from the wage portion of the Class Member Distribution Amount the employee's
11  share of taxes and other withholding amounts.  At the appropriate time, each Class Member
12  will receive from Foster Farms an IRS Form W-2 for the payment of that portion of the
13  Class Member Distribution Amount which is attributable to wages and an IRS Form 1099-
14  INT for the payment of that portion of the Class Member Distribution Amount which is
15  attributable to interest.

16    (d)    Settlement Payment Date:  Foster Farms shall mail the Class Members'
17  Class Member Distribution Amount to the Class Members entitled to receive them, the
18  attorneys' fees and costs approved by the Court to Class Counsel, and the claim
19  administration fees and costs to the Claims Administrator within twenty (20) business days
20  following the Settlement Effective Date.

21    (e)    Unclaimed Amounts:  Any amounts remaining in the Maximum Gross
22  Distribution after all valid claims have been paid shall be distributed to those Class
23  Members who submitted timely and valid Claims in proportion to the amount of each such
24  Class Member's Class Member Distribution Amount.

25

26

27

28

9

## IV.
## NOTICE TO THE PLAINTIFF CLASS

38. Class Counsel will promptly move for preliminary approval of this Settlement. The hearing date is currently set for November 20, 2007. Foster Farms will file a notice of non-objection.

39. A Notice in the form attached as Exhibit "A" (or such other form approved by the Court) shall be sent by the Claims Administrator to the Class Members, by first class mail, within fourteen (14) calendar days of the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice. Attached to the Notice will be a Claim Form, attached hereto as Exhibit "B".

40. Foster Farms shall provide, within seven (7) business days following the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice, to the Claims Administrator, a database of all putative Class Members, including last known addresses and telephone numbers, dates of employment, Social Security numbers, and total number of Compensable Work Days for each Class Member. Foster Farms agrees to consult with the Claims Administrator prior to the production date to ensure that the format of the database will be acceptable to the Claims Administrator. In consideration of the privacy concerns of the individual Class Members, the Claims Administrator will not share the identity of individual Class Members with any other person or entity absent Court approval.

41. The addresses provided by Foster Farms will be run through the National Change of Address (NCOA) Registry, and the Notice will be sent to the address so indicated, if different than the address shown in Foster Farms' records. If any mail is returned as undeliverable with a forwarding address, the Claims Administrator will update the database and will send the Notice to the forwarding address. If any mail is returned as undeliverable without a forwarding address, the Claims Administrator will make usual and customary efforts used in the administration of such settlements to obtain updated address information, and will send the Notice to any address discovered as a result of such efforts.

10

1 | If re-sent mail is again returned with no forwarding address, no further attempt to mail will
2 | be required.

3 | 42. The Claims Administrator will mail a reminder postcard, in the form of
4 | Exhibit "C", to each Class Member no later than ten (10) calendar days before the deadline
5 | to submit Claim Forms.

6 | 43. Class Counsel shall provide the Court, at least five (5) calendar days prior to the
7 | final settlement approval hearing, a declaration by the Claims Administrator specifying the
8 | procedures it has undertaken with regard to the mailing of the Notice.

## V.
## CLAIM PROCESS

11 | 44. Within fourteen (14) calendar days following the Court's entry of the Order
12 | Granting Preliminary Approval of the Settlement and Notice, the Claims Administrator will
13 | mail to all Class Members the Notice and Claim Form.

14 | 45. Each Claim Form will list the Class Member's Individual Compensable Work
15 | Days, according to Foster Farms' records. The Claim Form will contain a request that the
16 | Class Member confirm or dispute this information. The Claim Form will also include a
17 | release, consistent with the terms herein.

18 | 46. Handling of Disputes: A claimant may submit a dispute in writing to the Claims
19 | Administrator within forty-five (45) days of the mailing of the Notice and Claim Form. The
20 | Claims Administrator shall notify Class Counsel and Foster Farms' counsel of any such
21 | timely dispute, and said counsel will make a good faith effort to resolve the disagreement.
22 | If the dispute is not thereby resolved, it will be referred to the Claims Administrator, who
23 | may communicate with the claimant, Class Counsel, Foster Farms' counsel, and/or
24 | representatives from Foster Farms. The Claims Administrator shall consider any
25 | documentation submitted by the claimant. The Claims Administrator shall be granted
26 | reasonable access to Foster Farms' records in order to perform its duties. The Claims
27 | Administrator shall issue a final, non-appealable decision to the claimaint, Class Counsel
28 | and Foster Farms' counsel as to the total amount due, if any, to the claimant.

11

1    47.   Class Members will have sixty (60) calendar days from the mailing of the

2    Notice and Claim Form to submit their Claim Form or opt out pursuant to the opt out

3    instructions contained in the Notice; except that Class Members who submitted a timely

4    dispute in accordance with the immediately preceding paragraph shall have until the later of

5    (a) sixty (60) calendar days from the mailing of the Notice and Claim Form, or (b) fifteen

6    (15) calendar days from the mailing of the Claims Administrator's decision on said dispute

7    to submit their Claim Form or to opt out pursuant to the opt out instructions contained in the

8    Notice.  No Claim Form or request to opt out will be honored if postmarked after the

9    foregoing deadlines to submit claims.  All original Claim Forms shall be sent directly to the

10   Claims Administrator at the address indicated on the forms.

11    48.   The Claims Administrator will certify jointly to Class Counsel and Foster

12   Farms' counsel which Claim Forms or requests to opt out were timely or untimely filed.

13    49.   The Claims Administrator will submit to Class Counsel and Foster Farms'

14   counsel a list of timely, valid claims and the calculation of the amounts due to each Class

15   Member pursuant to this Settlement, and a list of claims which are untimely or denied for

16   other reasons.

17    50.   The Claims Administrator will timely notify claimants whose claims are

18   untimely or denied for other reasons.

19    51.   Foster Farms shall be responsible for issuing the payments of each Class

20   Member's Class Member Distribution Amount and calculating and withholding all required

21   state, federal and local taxes.  Foster Farms will file proof of payment with the Court and

22   will serve Class Counsel with a copy.

23
## VI.
## OPT OUTS AND OBJECTIONS
24

25    52.   Each Class Member who wishes to be excluded from the Settlement must mail

26   to the Claims Administrator, post-marked by the date stated in the Notice, an appropriate

27   request for exclusion including his or her name, address, and telephone number.  All such

28   requests for exclusion must be signed by the Class Member requesting exclusion, and no

12

1 | person may exclude a Class Member other than himself or herself. The original requests for
2 | exclusion will be filed with the Court by the Claims Administrator no later than five (5)
3 | calendar days before the Final Approval Hearing, and copies will be provided to Class
4 | Counsel and Foster Farms' Counsel within five (5) calendar days of receipt by the Claims
5 | Administrator.

6 |     53.  If more than 10% of the Class Members timely opt out, Foster Farms has the
7 | exclusive right, in its sole discretion, to withdraw from this Settlement. If Foster Farms
8 | exercises its right to withdraw pursuant to this provision, this Settlement will be null and
9 | void, and the Parties will be returned to their respective positions *status quo ante* as if this
10 | Settlement had never been made, and Foster Farms will be relieved from any stipulation or
11 | orders made in connection with this Settlement. Foster Farms shall make its election to
12 | withdraw from this Settlement by providing Class Counsel with written notice of said
13 | election not less than ten (10) calendar days prior to the Final Approval Hearing.

14 |     54.  Any Class Member who has not filed a timely written request for exclusion and
15 | who wishes to object to the fairness, reasonableness or adequacy of this Settlement, or to
16 | any award of attorneys' fees, payments to certain Class Representatives, or expenses, must
17 | serve upon Class Counsel and Foster Farms' counsel, and must file with the Court, no later
18 | than twenty-one (21) calendar days before the Final Approval Hearing or as the Court may
19 | otherwise direct, a statement of his or her objection, as well as the specific reason(s), if any,
20 | for each objection, including any legal support the Class Member wishes to bring to the
21 | Court's attention and any evidence the Class Member wishes to introduce in support of the
22 | objection. Class Members may so object either on their own or through an attorney hired at
23 | their own expense.

24 |     55.  The Final Approval Hearing will be the only opportunity for any Class Member
25 | who objects to the proposed Settlement, to the release of the Released Claims or to the entry
26 | of an order awarding attorneys' fees and costs to Class Counsel and awarding payment to
27 | certain Class Representatives, to appear and be heard.

28 |

JOINT STIPULATION OF SETTLEMENT AND RELEASE          Case No. 1-05-CV-01539 LJO (SMS)

## VII.
## RELEASE OF CLAIMS

56.  <u>Released Claims by Class Members</u>.  The Class Members (other than those who opt out by following the opt out instructions in the Notice) hereby fully and finally release and discharge Foster Farms and its former and present parents, subsidiaries, and affiliated corporations and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, whether known or unknown, arising from December 2, 2001 through the date of the preliminary approval of this Settlement, which the Parties expect to be November 20, 2007, that were alleged or could have been alleged based on the facts alleged in Plaintiffs' Complaint, First Amended Complaint, and Second Amended Complaint in this Action ("Released Claims").  Released Claims include, but are not limited to, claims that were alleged or could have been alleged based on the facts alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint in this Action and that might arise under contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of claims for unpaid wages, unpaid premium pay, unpaid meal and rest breaks, incorrect information on pay stubs pursuant to Labor Code section 226(a) reporting requirements, violation of California Business and Professions Code section 17200 *et seq.*, and/or violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, or claims for penalties, liquidated damages, attorneys' fees, or injunctive relief.  This release is not meant to preclude claims for Workers' Compensation, unemployment insurance, or indemnification pursuant to Labor Code section 2802.  In addition, nothing in this release precludes the Class Members from filing a charge with a government agency such as the Equal Employment Opportunity Commission to the extent prohibiting the filing of such a charge would violate public policy.

57.  <u>Waiver of California Civil Code Section 1542</u>.  In releasing the Released Claims, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge such Released Claims whether known or unknown, liquidated or unliquidated.

14

1  Each Class Member and Class Representative waives, as to the Released Claims, all rights

2  and benefits afforded by Section 1542 of the Civil Code of the State of California ("Section

3  1542"), and does so understanding the significance of that waiver.  Section 1542 provides:

4  "A general release does not extend to claims which the creditor does not know or suspect to

5  exist in his or her favor at the time of executing the release, which if known by him or her

6  must have materially affected his or her settlement with the debtor."

7
                                    **VIII.**
                **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**
8

9      58.   The Parties shall promptly submit this Settlement to the Court in support of

10  Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness,

11  adequacy, and reasonableness.  Promptly upon execution of this Settlement, Class Counsel

12  shall apply to the Court for the entry of an Order Granting Preliminary Approval of the

13  Settlement and Notice substantially in the following form:

14            (a)   Scheduling a fairness hearing on the question of whether the proposed

15  Settlement should be finally approved as fair, reasonable and adequate as to the Class ("the

16  Final Approval Hearing");

17            (b)   Approving as to form and content the proposed Notice, including the

18  instructions in the Notice regarding how to opt out;

19            (c)   Approving as to form and content the proposed Claim Form;

20            (d)   Directing the mailing of the Notice and the Claim Form by first class

21  mail to the Class Members;

22            (e)   Preliminarily approving the Settlement;

23            (f)   Preliminarily certifying the Class for purposes of Settlement;

24            (g)   Approving Davenport Gerstner & McClure as Class Counsel, named

25  Plaintiffs (as listed in Paragraph 8 above) as Class Representatives, and Gilardi & Co. LLC

26  as Claims Administrator;

27            (h)   Staying the litigation for all purposes other than proceedings necessary

28  for the furtherance of the Settlement; and

15

1        (i)      Enjoining any Class Member from pursuing claims in this Court or any
2    other forum that are included in the claims presented here unless and until the Class
3    Member effectively excludes himself from the Settlement.

4                                    **IX.**
5        **DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

6        59.   Following final approval by the Court of the Settlement, Class Counsel will
7    submit a proposed Final Judgment:

8        (a)    Approving the Settlement, adjudging the terms thereof to be fair,
9    reasonable and adequate, and directing consummation of its terms and provisions;

10       (b)    Approving Class Counsel's application for an award of attorneys' fees
11   and reimbursement of costs;

12       (c)    Certifying the Class for Settlement purposes; and

13       (d)    Dismissing this Action on the merits and with prejudice and
14   permanently barring all Class Members (other than those who timely opted out) from
15   prosecuting against the Released Parties any and all Released Claims.

16                                    **X.**
17                        **VOIDING THE AGREEMENT**

18       60.   If this Settlement is not approved, the Settlement shall not be used nor be
19   admissible in any subsequent proceedings either in this Court or in any other court or forum.
20   If there is any reduction in the attorneys' fee award, such reduction may be appealed but is
21   not a basis for rendering the entire Settlement voidable and unenforceable.

22                                    **XI.**
23                        **PARTIES' AUTHORITY**

24       61.   The respective signatories to the Settlement represent that they are fully
25   authorized to enter into this Settlement and bind the respective Parties to its terms and
26   conditions.

27

28

                                    16

## XII.
## MUTUAL FULL COOPERATION

62.   The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement. As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Foster Farms and its counsel, take all necessary steps to secure the Court's Final Judgment.

63.   Foster Farms agrees that it will not attempt to discourage Class Members from filing Claim Forms and that it will not retaliate against any of the Class Representatives or the Class Members as a result of their participation in this Action or Settlement.

## XIII.
## ENFORCEMENT

64.   In the event that one or more of the parties to this Agreement institutes any legal action or other proceeding against any other party or parties to enforce this Agreement, the Court shall have the right to award the successful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred, in addition to any other award.

## XIV.
## NO PRIOR ASSIGNMENTS

65.   The Parties represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

17

## XV.
## NO ADMISSION

66. Nothing contained in this Settlement is to be contained or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Foster Farms, and Foster Farms denies liability therefor. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XVI.
## NOTICES

67. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

    (a)   To the Class:
            Stephen Thomas Davenport, Jr., Esq.
            Davenport Gerstner & McClure
            1990 N. California Blvd., Ste. 650
            Walnut Creek, CA  94596

    (b)   To Foster Farms:
            Patricia K. Gillette, Esq.
            Brooke D. Andrich, Esq.
            Orrick Herrington & Sutcliffe LLP
            The Orrick Building
            405 Howard Street
            San Francisco, CA  94105

## XVII.
## CONSTRUCTION

68. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Settlement.

18

## XVIII.
## CAPTIONS AND INTERPRETATIONS

69.   Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

## XIX.
## MODIFICATION

70.   This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XX.
## INTEGRATION CLAUSE

71.   This Settlement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

## XXI.
## BINDING ON ASSIGNS

72.   This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXII.
## CLASS COUNSEL SIGNATORIES

73.   It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Settlement.  The Notice, Exhibit "A," will advise all Class Members of the binding nature of the release.  Excepting only the Class Members who timely opt out of the Settlement, the Settlement and Notice

19

1   shall have the same force and effect as if this Settlement were executed by each Class

2   Member.

### XXIII.
### COUNTERPARTS

74.   This Settlement may be executed in counterparts, and when each party has
signed and delivered at least one such counterpart, each counterpart shall be deemed an
original, and, when taken together with other signed counterparts, shall constitute one
Settlement, which shall be binding upon and effective as to all Parties.

### XXIV.
### PUBLIC COMMENT

75.   The Parties and their counsel agree that neither the Parties nor their counsel will
issue any press releases or have any communications with the media other than a mutually
agreed-upon statement made in response to an inquiry from the press.

### XXV.
### RIGHT OF APPEAL

76.   The Parties agree to waive appeals with the sole exception that Plaintiffs can
appeal a reduction, if any, in the attorneys' fees amount.

### XXVI.
### CLASS CERTIFICATION

77.   Foster Farms does not consent to certification of the Class for any purpose other
than to effectuate this Settlement.  If this Settlement is terminated pursuant to its terms or
for any other reason, or is disapproved in a final order by any court of competent
jurisdiction, the order certifying the Class and all preliminary and/or final findings or
stipulations regarding certification of the Class will be automatically vacated upon notice to
the Court of this Settlement's termination or disapproval, and the Action may proceed as
though a Class had never been certified and any related findings or stipulations had never
been made.

JOINT STIPULATION OF SETTLEMENT AND RELEASE                    Case No. 1-05-CV-01539 LJO (SMS)

## XXVII.
## TERMINATION OF THIS AGREEMENT

78.   Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, the Parties to this Settlement will be returned to their respective positions *status quo ante* with respect to the Action as if this Settlement had never been made, and, except as otherwise expressly provided, the Parties will proceed in all respects as if this Settlement and any related orders and stipulations had not been made.  In this event, all scheduled dates in the Action after the Settlement terminates will be vacated, and the parties will act reasonably to propose new dates and to schedule an early status conference with the Court.

## XXVIII.
## EFFECT OF COURT-ORDERED MODIFICATION

79.   To the extent that the Court makes immaterial changes to this Settlement or to any document described herein or appended hereto, the Parties shall nonetheless be bound to perform their obligations under the Settlement.  However, to the extent that the Court makes material changes, each of the Parties has the right to withdraw from the Settlement; if so, all Parties will be returned to their respective positions *status quo ante* in the Action as of September 5, 2007, and, except as otherwise expressly provided, the Parties will proceed in all respects as if this Settlement and any related orders and stipulations had not been made.  In this event, all scheduled dates in the Action after the Settlement terminates will be vacated, and the Parties will act reasonably to propose new dates and to schedule an early status conference with the Court.

/ /
/ /
/ /
/ /
/ /
/ /

21

Dated: November 13, 2007          Davenport Gerstner & McClure

                                   By: _____

                                   Stephen Thomas Davenport, Jr.
                                   Counsel for Plaintiffs Ron Bell et al.

Dated: 13 November, 2007          Orrick, Herrington & Sutcliffe LLP

                                   By: _____

                                   Patricia K. Gillette
                                   Brooke D. Andrich
                                   Counsel for Defendant Foster Poultry Farms

22

EXHIBIT A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

Bell v. Foster Poultry Farms
United States District Court, Eastern District of California, Fresno Division
Case No. 1: 05CV01539 LJO (SMS)

# Please Read This Notice Carefully.  Your Rights May Be Affected.

To: All current and former employees of Foster Poultry Farms ("Foster Farms") who have held long-line driver positions within Foster Farms in California at some time between the period of December 2, 2001 to November 20, 2007 ("Class Members").

The purpose of this Notice is to inform you of a proposed settlement (the "Settlement") of a class action lawsuit (the "Action") against Foster Farms on behalf of employees and former employees who fit the definition of Class Member set forth above.  The Action is currently pending in the United States District Court, Eastern District of California, Fresno Division (the "Court").

You received this Notice because Foster Farms' records indicate that you were employed by Foster Farms as a long-line driver in California between December 2, 2001 and November 20, 2007. This Notice is intended to (1) inform Class Members of the Settlement of the Action, (2) describe the Settlement and how the Settlement may affect Class Members, and (3) advise Class Members of their rights and options with respect to the Settlement.

## I.  DESCRIPTION OF THE ACTION

The Action was filed on December 2, 2005.  The Action alleges that Class Members were not paid for all of the hours they worked, including overtime, and not provided with required rest breaks and meal periods. Foster Farms denies that it engaged in any illegal, deceptive or unfair practices or activity, and denies that any amounts are owed to Class Members.  The Parties have conducted extensive proceedings in the Action, including discovery and cross-motions for summary judgment.  The Court determined that the Class Members do not have a valid claim for overtime.

Plaintiffs and the Class Members are represented in this Action by Stephen Thomas Davenport, Jr. of Davenport Gerstner & McClure ("Class Counsel").  Class Counsel have concluded that it is in the best interests of Plaintiffs and Class Members that the Action be settled on the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement") on file with the Court and summarized in this Notice. Class Counsel reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits that Plaintiffs and the Class Members will receive under the Settlement, the risks and uncertainties of continued litigation, and the expense that would be necessary to prosecute the action through trial and any appeals that might be taken.  The parties have participated in extensive settlement discussions, including a full-day mediation before a respected neutral mediator with considerable experience resolving these types of lawsuits.

This Notice is not an expression of any opinion by the Court regarding the merits of the claims or defenses asserted by any party to the Action.  The Court has granted preliminary approval of the Settlement. It has made no determination concerning whether the Settlement should receive final approval.  That decision will be made at or after the Final Settlement Approval Hearing described in Section IV below.  Class Counsel strongly recommends that the Court grant final approval of the Settlement.

1

## II.  KEY TERMS OF THE PROPOSED SETTLEMENT

The Settlement Agreement on file with the Court fully describes the terms of the Settlement. In summary, the Settlement provides for the following:

A.      Maximum Settlement Payment: Foster Farms has agreed to pay One Million Five Hundred Thousand Dollars ($1,500,000.00) in connection with the Settlement.  This figure includes (i) payments to Class Members and employee tax withholdings, (ii) Class Counsel's attorneys' fees and costs, which shall include payments to Albert Cervantes, Ron Bell, and Kevin Rocha for services rendered by them in assisting the prosecution of this action on behalf of the other Class Representatives and absent class members; and (iii) all costs incurred by the Claims Administrator in administering the Settlement.

B.      Estimated Payments for Attorneys' Fees and Costs and Costs of Administration.  The Court, at or after the Final Settlement Approval Hearing, will decide what amounts should be paid for Class Counsel Attorneys' Fees and costs, including the amounts to be paid to certain Class Representatives who assisted counsel in this litigation, and Costs of Administration. Subject to Court approved, the Parties have agreed to allocate up to the following amounts from the Maximum Settlement Payment to the following categories:

(i)      Class Counsel Attorneys' Fees: Up to $270,500.00 to Class Counsel, reflecting 18.033% of the Maximum Settlement Payment, which shall include payments for services rendered by Class Representatives Cervantes, Bell, and Rocha in the amounts of up to $7,500.00 to Albert Cervantes, up to $3,000.00 to Ron Bell, and up to $3,000.00 to Kevin Rocha;

(ii)     Costs: Estimated at $6,000.00 to Class Counsel for costs incurred by Class Counsel in pursuing the Action; and

(iii)    Costs of Administration: Estimated at $3,000.00 to the Claims Administrator for the costs of administering the Settlement.

C.      Estimated Settlement Payment to Individual Class Members: The amount any individual who makes a claim will receive is not known at the present time because it depends on a number of variables, including: 1) The amount of the award the Court approves for attorneys' fees and costs; and 2) the total number of work days worked by Class Members.  If the Court awards the amounts the Parties have agreed to for items (i) through (iii) in paragraph B above there will remain approximately $1,220,500.00 from which payments to individual Class Members and employee tax withholdings will be made. The Parties estimate that the Class Members worked a total of 106,417 work days during the time frames set forth in the Class Definition. The estimated number of work days does not include days on which Class Members did not perform work. If the Court awards the amounts for fees and costs that the Parties have agreed to, and if the Parties' estimate of the work days is correct, then each Class Member who submits a valid and timely claim will receive approximately $11.47 for each day she or he worked in a job position and time frame covered by the Class Definition, less deductions required by law.

D.      Claim Process and Payment Terms: At the completion of the claims process, and after the Court determines the amount of the awards discussed in Paragraph B, above, individual payments to Class Members will be calculated based on the following formula: $1,500,000.00 minus amounts awarded for payments for Class Counsel Attorneys' Fees and Costs and Costs of Administration of settlement; divided by total work days worked by all Class Members, and then, for each individual, multiplied by that individual's work days.

E.      Release of Claims and Dismissal of the Action with Prejudice: After final approval of the Settlement, all Class Members who have not opted out of the Settlement as provided herein will be deemed to have fully and finally released and discharged Foster Farms and its former and present parents, subsidiaries, and affiliated corporations and their officers, directors, employees, partners, shareholders and agents, and any other

successors, assigns, or legal representatives ("Released Parties"), from any and all claims, whether known or unknown, arising from December 2, 2001 through November 20, 2007 that were alleged or could have been alleged based on the facts alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint in this Action ("Released Claims"). Released Claims include, but are not limited to, claims that were alleged or could have been alleged based on the facts alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint in this Action and that might arise under contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of claims for unpaid wages, unpaid premium pay, unpaid meal and rest breaks, incorrect information on pay stubs pursuant to Labor Code section 226(a) reporting requirements, violation of California Business and Professions Code section 17200 et seq.; and/or violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., or claims for penalties, liquidated damages, attorneys' fees or injunctive relief. This release is not meant to preclude claims for Workers' Compensation, unemployment insurance, or indemnification pursuant to Labor Code section 2802. In addition, nothing in this release precludes the Class Members from filing a charge with a government agency such as the Equal Employment Opportunity Commission to the extent prohibiting the filing of such a charge would violate public policy. In addition, the Action will be dismissed with prejudice.

## III.   YOUR RIGHTS AS A CLASS MEMBER

You have three options: 1) Do not submit a claim; 2) submit a claim; or 3) exclude yourself from the Settlement. In addition, if you do not exclude yourself from the Settlement, you may also object to the Settlement or any term of the Settlement.

If you submit a claim, you will be bound by the terms of the Settlement and the release and will receive a payment. If you do nothing and do not submit a claim, you will be bound by the terms of the Settlement but will not receive any payment. If you choose to exclude yourself from the Settlement, you will not be bound by the terms of the Settlement, you will not receive a payment, and you may pursue any claims in a separate action. These options are more fully described below.

### A.   Submit a Claim Form to Receive Your Portion of the Settlement

Any Class Member who wishes to submit a claim must complete and sign the enclosed Claim Form under penalty of perjury and return it to:

Foster Farms Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060
Telephone: 800-925-2505

**The Claim Form must be postmarked no later than [DATE] and will not be honored if postmarked after that date; except that if you submitted a timely written dispute, in accordance with Part 2 of the Claim Form, to the Claims Administrator disputing the number of work days listed in your Claim Form, you will have until the later of (a) sixty (60) calendar days from the mailing of the Notice and Claim Form, or (b) fifteen (15) calendar days from the mailing of the Claims Administrator's decision on your dispute, to submit your Claim Form or to opt out pursuant to the opt out instructions contained in this Notice.**

Claim Forms may be mailed to the Claims Administrator either by U.S. mail or certified mail with return receipt requested. **In the event your Claim Form is not received by the Claims Administrator for any reason (i.e., lost in the mail), proof of submission of your Claim Form will be required. Therefore, you may want to send the Claim Form via certified mail.**

If you are a current employee of Foster Farms, you may participate in this Settlement without fear of retaliation. Foster Farms will not retaliate against any person who participates in this Settlement.

Your interests as a Class Member are represented by the Class Representatives and Class Counsel. If you have questions about your claim or the claims process, please contact the Claims Administrator above. If you have questions about your rights under this Settlement, you may contact the attorneys for the Settlement Class at the address listed below.

Stephen Thomas Davenport, Jr., Esq.
Davenport Gerstner & McClure
1990 N. California Blvd., Ste. 650
Walnut Creek, CA  94596
(925) 279-3430

**Please DO NOT contact Foster Farms or its attorneys regarding the claims process. They will not be able to assist you.**

### B.      Exclude Yourself from the Settlement ("Opt Out")

Any Class Member who does not wish to participate in the Settlement may exclude himself or herself (i.e., "opt out") by sending notification of his/her intent to opt out to the Claims Administrator. The notification should state as follows: "I received the Notice to Class Members of Proposed Settlement. I wish to opt out of the settlement." This notification must be signed by the Class Member, dated, and sent to:

Foster Farms Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060

**The notification must be postmarked no later than [DATE]; except that if you submitted a timely written dispute, in accordance with Part 2 of the Claim Form, to the Claims Administrator disputing the number of work days listed in your Claim Form, you will have until the later of (a) sixty (60) calendar days from the mailing of the Notice and Claim Form, or (b) fifteen (15) calendar days from the mailing of the Claims Administrator's decision on your dispute, to submit your Claim Form or to opt out pursuant to the opt out instructions contained in this Notice.**

All such notifications may be mailed to the Claims Administrator either by U.S. mail or certified mail with return receipt requested. No Class Member may claim that a notification of intent to opt out was submitted timely and was lost, destroyed, misplaced or otherwise not received by the Claims Administrator unless the Class Member has adequate proof that the notification was sent certified mail with return receipt requested.

Any Class Member who opts out will not be bound by the Settlement and will not receive any payment. Do NOT submit both a Claim Form and a Request For Exclusion. If you do submit both and the Claims Administrator is unable to contact you to determine which option you prefer, your Request For Exclusion will be honored and NOT your Claim Form.

### C.      Object to the Settlement (May not be done if you opt out)

You can object to the terms of the Settlement, but if the Court rejects your objection you will still be bound by the terms of the Settlement. To wish to object to the terms of the Settlement, you must file a written notice of objection with the Clerk of the United States District Court, Eastern District of California, Fresno Division, located at 2500 Tulare Street, Fresno, CA 93721, which includes (1) a written statement advising if

4

you plan to address the Court at the Final Settlement Approval Hearing, (2) a written statement of your objections, and (3) any other papers which you propose to submit to the Court. **You must also serve the written notice of objection on the following by no later than February 1, 2007; except that if you submitted a timely written dispute, in accordance with Part 2 of the Claim Form, to the Claims Administrator disputing the number of work days listed in your Claim Form, your notice of objection must be postmarked no later than the last to occur of (a) sixty (60) calendar days from the mailing of the Notice and Claim Form, or (b) fifteen (15) calendar days from the mailing of the Claims Administrator's decision on your dispute:**

<table>
<tr><td>Class Counsel:</td><td>Attorneys for Defendant Foster Farms:</td></tr>
<tr><td>Stephen Thomas Davenport, Jr., Esq.</td><td>Patricia K. Gillette, Esq.</td></tr>
<tr><td>Davenport Gerstner & McClure</td><td>Brooke D. Andrich, Esq.</td></tr>
<tr><td>1990 N. California Blvd., Ste. 650</td><td>Orrick Herrington & Sutcliffe LLP</td></tr>
<tr><td>Walnut Creek, CA 94596</td><td>405 Howard Street</td></tr>
<tr><td></td><td>San Francisco, CA 94105</td></tr>
</table>

If you file an objection to the terms of this Settlement, you may choose to represent yourself or retain your own attorney (at your own expense) to represent you at the Final Settlement Approval Hearing, currently scheduled for February 22, 2007. However, please note that this hearing may be continued without further notice to Class Members.

If you intend to object to the Settlement, but wish to receive your share of the Settlement if the Court approves the Settlement, you must timely submit your Claim Form to the Claims Administrator pursuant to the process described herein. If the Court approves the Settlement despite any objections, and you do not have a Claim Form on file with the Claims Administrator, you will not receive any portion of the Settlement. If you submit a Request for Exclusion from the Settlement, any Objection you file will be deemed invalid. You must remain a member of the Settlement Class in order to file an Objection.

## IV. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in Courtroom 4 of the United States District Court, Eastern District of California, located at 2500 Tulare Street, Fresno, CA 93721 on February 22, 2007 at 8:15 a.m. to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for attorneys' fees and costs, including the payments to certain Class Representatives for services rendered in connection with the prosecution of this matter, and the costs incurred by the Claims Administrator in administering the Settlement.

## V. PAYMENT TO CLASS MEMBERS WHO HAVE SUBMITTED TIMELY AND COMPLETE CLAIM FORMS

Your settlement payment will be made within approximately forty (40) days after the Court has issued its final approval of this Settlement and all rights to appeal are exhausted. You will receive an IRS Form W-2 for 70% of the payment you receive, and taxes will be withheld from this portion of the payment at the applicable rate as required by law. You will receive an IRS Form 1099-INT for the other 30% of this payment. Do not call Foster Farms, Foster Farms' attorneys, Class Counsel, or the Court with questions regarding the amount withheld for taxes. Questions regarding taxes should be directed to the Claims Administrator or your accountant or tax advisor.

## VI. ADDITIONAL INFORMATION

This Notice contains a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the actual Stipulation of Settlement and Release Between

Plaintiffs and Defendant, which is on file with the Court. It may be examined, along with any other pleading in the Action, at any time during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of California, 2500 Tulare Street, Fresno, CA 93721.

**Please do not call Foster Farms, the Attorneys for Foster Farms, the Court or the Office of the Clerk for information regarding this Settlement or the Claim Process.**

6

EXHIBIT B

**CLAIM FORM**
<u>Bell v. Foster Poultry Farms</u>
United States District Court, Eastern District of California, Fresno Division
Case No. 1:05CV01539 LJO (SMS)

<u>Instructions</u>: Please complete this Claim Form only if you **want** to participate in the settlement and claim your share of the settlement fund. The deadline for mailing this Claim Form is **[DATE]**.

PART 1:  PERSONAL INFORMATION:

Please make any necessary corrections below:

_____

_____

_____

Residence Telephone Number: _____        Social Security Number: _____

Business Telephone Number: _____

PART 2:  EMPLOYMENT INFORMATION:

According to the personnel records maintained by Foster Poultry Farms ("Foster Farms"), you have been identified as a potential class member as defined in the enclosed Settlement Notice.

Foster Farms' records indicate you performed work as a long-line driver in California for a total of ___ days between December 2, 2001 and November 20, 2007. Claims will be paid at approximately $_____ per covered work day.  Pursuant to the Settlement, it is currently estimated that you will be paid approximately $____ total.

If you disagree with the number of work days listed in the preceding paragraph, please attach a statement setting forth the reasons you dispute the number of work days along with any documents that support your claim.  Your written dispute must be postmarked on or before [DATE], or else you will forfeit your right to dispute the number of work days listed in the preceding paragraph.  <u>Please be advised that the employer's records are presumed to be correct unless the information you submit proves otherwise.</u>

PART 3:  RELEASE OF CLAIMS.

By signing this Claim Form, you fully and finally release and discharge Foster Farms and its former and present parents, subsidiaries, and affiliated corporations and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("the Released Parties"), from any and all claims, whether known or unknown, arising from December 2, 2001 through November 20, 2007 that were alleged or could have been alleged based on the facts alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint in this Action ("Released Claims").  Released Claims include, but are not limited to, claims that were alleged or could have been alleged based on the facts alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint in this Action and that might arise under contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of claims for unpaid wages, unpaid premium pay, unpaid meal and rest breaks, incorrect information on pay stubs pursuant to Labor Code section 226(a) reporting requirements, violation of California Business and Professions Code section 17200 et seq.; and/or violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., or claims for penalties, liquidated damages, attorneys' fees or injunctive relief.  This release is not meant to preclude claims for Workers' Compensation, unemployment insurance, or indemnification pursuant to Labor Code section 2802.  In addition, nothing in this release precludes the Class Members from filing a charge with a government agency such as the Equal

1

Employment Opportunity Commission to the extent prohibiting the filing of such a charge would violate public policy.

PART 4: MAILING INSTRUCTIONS.

Please mail this completed Claim Form to the Claims Administrator at the address listed below (or use the enclosed return envelope). **Your completed Claim Form must be postmarked on or before [DATE], or else you will forfeit your claim payment under this Settlement; except that if you submitted a timely dispute in accordance with Part 2 (above) you will have until the later of (a) sixty (60) calendar days from the mailing of the Notice and Claim Form, or (b) fifteen (15) calendar days from the mailing of the Claims Administrator's decision on your dispute, to submit your Claim Form or to opt out pursuant to the opt out instructions contained in the Notice.** The address of the Claims Administrator is:

**Foster Farms Claims Administrator**
**c/o Gilardi & Co. LLC**
P.O. Box 8060
San Rafael, CA 94912-8060
Telephone: 800-925-2505

**In the event your Claim Form is not received by the Claims Administrator for any reason (i.e., lost in the mail), proof of submission of your Claim Form will be required. Therefore, you may want to send the Claim Form via certified mail.

PART 5: SIGNATURE.

By signing below, you agree to the Release of Claims set forth above. You further certify that the information you have written on this Claim Form is true and correct to the best of your knowledge.

Dated: _____

_____          _____
            *Signature*                                    *Print Name*

EXHIBIT C

**Foster Farms Claims Administrator**
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060
Telephone:  800-925-2505

Dear Class Member:

On [DATE] you were mailed a Notice of Proposed Class Action
Settlement, along with other documents.  If you want to participate in the
settlement, please submit your Claim Form via U.S. Mail no later than [DATE]
to Gilardi & Co.; except that if you submitted a timely dispute in accordance
with Part 2 of the Claim Form, you will have until the later of (a) sixty (60)
calendar days from the mailing of the Notice and Claim Form, or (b) fifteen (15)
calendar days from the mailing of the Claims Administrator's decision on your
dispute, to submit your Claim Form or to opt out pursuant to the opt out
instructions contained in the Notice.  If you have lost the Claim Form, please
call Gilardi & Co. at the telephone number shown above.