**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RON BELL, et al., | CASE NO. CV-F-05-1539 LJO SMS |
| Plaintiffs,<br>vs.<br>FOSTER POULTRY FARMS,<br>Defendant. | **ORDER AND JUDGMENT ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Pursuant to the Order On Preliminary Approval Of Class Action Settlement filed herein November 21, 2007 (Doc. 103), a Final Approval Hearing was held at 8:30 a.m. on February 22, 2008 in Courtroom 4 of this Court. Plaintiffs, individually and on behalf of all others similarly situated (collectively "plaintiffs"), appeared at the hearing by telephone through class counsel, Tom Davenport of Davenport Gerstner & McClure. Defendants Foster Poultry Farms ("Foster") appeared at the hearing by telephone by counsel Brook Andritch and Patricia Gillette of Orrick Herrington & Sutcliffe. The case was called at the hearing and the Court inquired whether anyone else in the courtroom was present to participate in the hearing. There was no response to this inquiry. The Court noted that the Court had not received any filing by anyone objecting to the class settlement.

Having considered Plaintiff's Memorandum Of Points And Authorities and Class Counsel's Declaration In Support Of Final Approval Of Class Action Settlement and the papers previously filed herein, the Court makes the following Findings:

1.      No class member or interested individual appeared personally at the time and place for the Final Approval Hearing (February 22, 2008, 8:30 a.m., Courtroom 4) which was contained in the Notice Of Proposed Class Action Settlement which was served on potential class members by the Settlement Administrator.

2.      The Court finds that notice to the class was the best practicable under the circumstances <u>and</u> was satisfied and timely mailed as previously ordered by the Court.

3.      The Court finds that the consideration for the proposed settlement is fair, adequate, and reasonable.

4.      The Court finds that there were no objections to and only one request for exclusion from the proposed settlement.

5.      The Court finds that the settlement was not collusive, and that the parties have engaged in sufficient discovery to understand the strengths and weaknesses of their own and their opponent's cases.

6.      The Court finds that the lawyers representing the parties were competent and experienced counsel, and that no party has been subjected to any undue influence in reaching the settlement.

7.      The Court finds that the attorney's fees and costs requested by Class Counsel, Stephen Thomas Davenport, Jr. of Davenport Gerstner & McClure of attorney's fees of $270,500 and actual costs of $6,000 are fair and reasonable.

8.      The Court finds that the formula for disbursement of the settlement proceeds to the Class and the procedure for administration of that disbursement as set forth in the Joint Stipulation of Settlement and Release are fair, adequate and reasonable.

9.      The Court finds that payments of $7,500, $3,000 and $3,000, respectively, to Class Representative Albert Cervantes, Ron Bell and Kevin Rocha for their efforts and services on the behalf of the Class in this litigation are fair and reasonable.

10.      The Court finds that the Settlement Class members are similarly-situated and meet the requirements for certification of a class action under F.R.C.P. 23 and as a collective action under 29 U.S.C. §216(b).

IT IS HEREBY ADJUDGED AND ORDERED that:

1. The Joint Stipulation of Settlement and Release is approved in full;

2. Defendant Foster shall pay attorneys' fees and costs in the total sum of $276,500 to class counsel, Stephen Thomas Davenport, Jr. of Davenport Gerstner & McClure, pursuant to the procedures set forth in the Joint Stipulation of Settlement and Release;

3. Defendant Foster shall make payments to the Settlement Class members pursuant to the procedures and formulas set forth in the Joint Stipulation of Settlement and Release;

4. Defendant Foster shall make a payment of $3,000 to Class Representative Ron Bell; $7,500 to Class Representative Albert Cervantes, and $3,000 to Class Representative Kevin Rocha for their efforts and services on behalf of the Class in this litigation;

5. This Court shall retain jurisdiction over this matter and the parties for the purpose of enforcing compliance with the Joint Stipulation of Settlement and Release;

6. Upon defendant Foster's satisfaction of its obligations under the Joint Stipulation of Settlement and Release and the payment of all sums pursuant thereto, plaintiff's counsel shall notify the Court, whereupon this matter shall be dismissed with prejudice.

IT IS SO ORDERED.

Dated:   February 22, 2008            /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE